**SO ORDERED.**

**SIGNED this 05 day of November, 2008.**

_____
**J. Rich Leonard
United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

IN RE:

LISA C. CASTRO,

       Debtor.                              Case No. 08-01135-8-JRL
                                                Chapter 13

_____

**ORDER**

This case is before the court on the debtor's motion for sanctions for creditor misconduct against EMC Mortgage ("EMC"). On November 4, 2008, the court conducted a hearing on this matter in Greenville, North Carolina.

The debtor filed for relief under Chapter 13 on February 21, 2008. At the time of filing bankruptcy the debtor listed in her schedules a secured debt owed to EMC on real property in the amount of $59,004.54. EMC was sent notice of the bankruptcy filing by a letter dated February 25, 2008. Subsequently, however, the debtor began receiving letters in the mail and phone calls from EMC seeking mortgage payments. On April 7, 2008, EMC sent a letter to the debtor stating that her post-petition payment for March was due. Statements received in April, May, and June also indicated that payments were due. Additionally, the debtor received a letter from

EMC, dated May 22, 2008, demanding mortgage payments.

At hearing, the debtor testified that several of the letters sent by EMC acknowledged the debtor's bankruptcy filing and other invoices indicated an attempt to collect a debt. In addition to EMC's written demands for payment, the debtor received approximately 120 phone calls from EMC at home and at work since June 2008. At one point, the debtor's employer threatened the debtor with disciplinary action due to the high volume of phone calls she was receiving at work during this time. The debtor further testified that she received demands for mortgage payments as recently as October 27, 2008. Finally, the debtor indicated that she made no payments to EMC after filing for bankruptcy because she surrendered her house at that time. EMC neither filed a response nor appeared before the court on this matter.

The automatic stay is effective immediately upon the filing of the bankruptcy case and prohibits all entities from "any act to collect, assess, or recover a claim against the debtor that arose before the commencement of the case[.]" 11 U.S.C. § 362(a)(6). The Bankruptcy Code provides that "an individual injured by any willful violation of a stay provided by this section shall recover actual damages, including costs and attorneys' fees, and, in appropriate circumstances, may recover punitive damages." 11 U.S.C. § 362(k)(1). In addition, North Carolina law prohibits collection agencies from attempting to collect a debt by placing telephone calls at the consumer's place of employment when the agency can reach the consumer during nonworking hours. N.C. GEN. STAT. § 58-70-100(4).

Based on the undisputed record, EMC has repeatedly mailed payment invoices and placed collection calls to the debtor over the course of approximately seven months. These impermissible attempts to collect on a debt took place even though EMC was aware that the

debtor had filed for bankruptcy protection.  Such conduct is a willful and egregious violation of the automatic stay as well as a violation of state law.  The court grants the debtor's motion for sanctions, and awards the debtor $5,000.00 in compensatory damages and $5,000.00 in punitive damages.  Additionally, the court awards $2,500.00 in attorneys' fees to the debtor's counsel.

"END OF DOCUMENT"